DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1906.

## David Bradley Manufacturing Company v. A. C. Tedford et al.

1. CONTRACT—*what courts may look to in construing ambiguous.* Where a contract is ambiguous, the court may look to the construction which the parties have placed upon it in order to ascertain its true meaning.

2. SALE—*contract held not one of.* Held, that the particular contracts involved in this case were commission contracts rather than of bargain and sale.

Action of assumpsit. Error to the Circuit Court of Hamilton County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

THOMAS & ANDERSON, for plaintiff in error; W. R. HUNTER, of counsel.

T. B. STELLE and ISAAC H. WEBB, for defendants.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This suit was brought by plaintiff in error, a corporation engaged in the manufacture of a line of farming implements, against defendants in error, who were formerly dealers in agricultural implements in McLeansboro, Illinois, to recover a balance claimed by plaintiff in error to be due it for goods sold and delivered to them. The dealings between the parties to the suit extended over a period of several years and

(1)

there is no dispute between them as to the amount of goods furnished, the price or quality. The amount sued for represents the invoice price of goods manufactured by plaintiff in error, which defendants in error had on hand when they quit business and which they claimed they are entitled, under their contract with plaintiff in error, to return and receive credit for in full. The question is whether defendants in error can return the goods or must pay plaintiff in error for them at the invoice price.

Upon the trial the jury was waived and the court, having found the issues in favor of defendants in error, rendered judgment against the plaintiff in error for costs.

The record contains the statement that the plaintiff in error offered in evidence "the contract attached to the declaration and which is marked exhibit A." This statement is followed by two instruments purporting to be contracts, each marked "Exhibit A." The first is dated at McLeansboro, Illinois, November 8, 1901, and commences as follows: "David Bradley Manufacturing Co., Bradley, Ill. Ship to us at McLeansboro, Ills., via the L. & N. Railway, during the month of February 1st next or within ten days thereafter, subject to the conditions named on page 4, which are hereby made a part of this contract, the goods as noted in the list of goods hereto attached, for which we agree to pay as per prices and terms annexed to said goods." This is followed by an agreement by the party making the order "in consideration of one dollar and other valuable considerations" to pay all freight, to settle monthly for goods ordered and shipped by notes due and drawing interest as per terms annexed to goods so settled for, to pay interest on all accounts after maturity, to look to carriers for loss or damage to goods when the same are shipped and receipted for in good order, and to handle certain implements made by plaintiff in error exclusively during continuation of the contract; that the " title to all goods shipped on this or any subsequent order during the life of this contract is to remain in you and the goods to be held at all times subject to your order until paid for in

money and if sales are made before payment to you, the proceeds of such sales, whether cash, book accounts or notes, are your property, and are held subject to your order until all the obligations arising under this contract are fully paid in money;" that in case of death, financial embarrassment, fire, sale of business or transfer of property of the firm or any member of the firm making the contract, all accounts and notes for goods should become immediately due and payable. This order and contract was signed by defendants in error and also by "David Bradley Manufacturing Co. per Dement." The contract part proper is followed by certain conditions referred to therein, a guaranty on the part of plaintiff in error, a price list of the implements manufactured and certain instructions. The conditions contained a provision that the goods "are not to be returned except by order of the manufacturer;" that "no return plow will be credited in account, but if defective will be made good and returned free or new ones sent in their place as we may elect." A printed form was used, the dates, names and prices being filled in with writing, and near the end of the instrument, under the head of "memoranda" there are the following provisions also in writing: "Unsold goods on hand at end of selling season to be carried on 1903 spring terms. Farmers' notes may be turned into Bradley Co., maturing not later that 10–1. Insurance on goods carried in stock to be carried by the Bradley Co." Signed by "T. P. Dement, agent." The other "Exhibit A," above referred to, is dated November 9, 1899, and appears to be a copy of the form of order and contract above referred to, but instead of the provisions in writing under the head of "memoranda" above mentioned, are the words, "carry unsold goods."

Defendants in error introduced in evidence their copy of the above named "Exhibit A" dated November 8, 1901, and also another contract dated March 4, 1902, signed by plaintiff in error, but not by defendants in error. This contract appears to be substantially like that of November 8, 1901, above referred to, but the provision in regard to the farm-

_ers' notes under the head of memoranda is more extended and reads as follows: "All farmers' notes taken on sales made by Tedford and Standerfer, are to be turned over to the David Bradley Mfg. Co. as collateral to the original notes of Tedford and Standerfer, covering all the time sales made by them and all cash sales are to be settled for and are to be paid in accordance with the foregoing contract." The instrument also contains this statement in writing, "this order and contract is to substitute order and contract dated 11-8-1901."

The only witness who testified in the case was A. C. Tedford, one of the defendants in error. He testified that his firm did business with plaintiff in error under the contracts above mentioned for several years; that the company never demanded payment for their goods at the end of any season until witness notified it that his firm was going to quit business, and then the company wanted them to pay for the goods; that the company's agents only required his firm to settle for what had been sold; that the agents invoiced the goods unsold, gave the firm credit for them and they were carried over until the next year; that the firm had to account for the goods sold at the invoiced price and what they got above that was their own profit; that all of plaintiff in error's agents and adjusters recognized the contract as a commission contract; that when the firm quit business witness paid the company's agent the amount due for goods sold and notified him that the goods unsold were still on hand at the disposal of the company in a rented wareroom. Witness also testified that his firm did not carry any insurance on the goods in question and that when certain goods in their warehouse burned, plaintiff in error gave the firm credit for the amount of such goods, and in this statement witness is corroborated by a written statement of account sent his firm by plaintiff in error in which credit is given the firm for the goods burned. Defendants in error also introduced in evidence a "summary of account" sent them by plaintiff in error dated November 1, 1903, containing the following: "Due if sold—$564.68."

David Bradley Mfg. Co. v. Tedford.

Plaintiff in error contends that where a consignee of goods is at liberty to sell and receive payment at any price he likes, but is bound if he sells the goods to pay for them at a fixed price and time, the transaction is a sale and that therefore there was a sale of the farming implements in question to defendants in error. This statement of the law is true as a general rule where the rights of innocent third parties are affected.

In Hadfield v. Berry, 28 Ill. App. 376, which is relied upon by plaintiff in error and contains language similar to the above, it is also said: "However the law may be in other states, in this state it is well settled that where property is sold and delivered by the vendor to the vendee, it makes no difference what condition may be attached to such sale for the security of the purchase price, either by reserving a lien on the thing sold or providing that the title shall remain in the vendor until the property is paid for on condition of forfeiture for noncompliance with the terms of sale; as to innocent purchasers without notice and execution creditors, the absolute title in the property passes to the vendee and all such conditions are void under our chattel mortgage act. The conditions and agreement however remain valid as between the parties themselves." And also: "Where property is sold for a stipulated price with the privilege to return the unsold portion or sold to be paid for by a stipulated time or returned in good condition, the sale as to third parties who purchase without notice is valid."

As the rights of third parties do not intervene in this case, the true meaning of the contract, so far as it affects the interest of the parties to it, must be determined. We are inclined to the opinion that the contract itself, whether we consider the one relied upon to be that of 1899, 1901 or 1902, must be construed as being a contract in the nature of a commission contract only, when all of the provisions are considered together, but if there is any doubt or uncertainty as to the proper construction to be given the terms of the contract, we are at liberty to look at the interpretation the contracting parties have put upon it to assist in as-

certaining its true meaning.  Burgess v. Badger, 124 Ill. 288; Storey v. Storey, 125 Ill. 608; Vermont St. Church v. Brose, 104 Ill. 206.

The summary of account sent by plaintiff in error to defendants in error November 1, 1903, stating that a certain amount was "due if sold," would seem to indicate that plaintiff in error construed the contract to mean that defendants in error were only to pay for goods sold.   In addition, the uncontradicted testimony of the witness Tedford, one of the defendants in error, concerning the annual settlements, the carrying over of the unsold stock from year to year, the credit given by plaintiff in error for goods lost by fire while in possession of defendants in error, together with the general course of business between the parties under the contract, shows a condition of affairs inconsistent with any other theory than that the parties to the contract understood the same to be in the nature of a commission contract, and that defendants in error were to be at liberty to return the unsold goods received by them from plaintiff in error.

The contract was so construed by the court below and its judgment will be affirmed.

*Affirmed.*